KATHERINE L. COOPER
vs.
THE BRIDGEPORT-CITY TRUST CO., ET AL.

Court of Common Pleas      Fairfield County      File #35829
Present:  Hon. SAMUEL SHAW, Judge.

| George Ferrio, | Attorney for the Plaintiff. |
| Paul L. Miller, | Attorney for the Defendant. Bridgeport-City Trust Co. |
| Shannon & Wilder, | Attorneys for the Defendant. Harold S. Coit. |

MEMORANDUM FILED MARCH 25, 1935.

SHAW, J. The plaintiff is seeking to recover from the defendants the sum of $632., a balance in a checking account in the joint name of the plaintiff and one Harry L. Coit, now deceased, at the time of the death of the latter person. The account in question was in the Bridgeport-City Trust Com-pany and the defendant, Harold S. Coit, has been made a party to the action because the bank turned this money over to him as Administrator of the Estate of Harry L. Coit, deceased.

On May 2, 1933, this account was opened with the de-fendant, the Bridgeport-City Trust Company, in the joint names of Harry L. Coit and Katherine L. Cooper, the plain-tiff in this action  .This account was solicited by an outside

man, acting for the bank, and the card used in opening this account, Plaintiff's **Exhibit A,** was signed by Harry L. Coit and Katherine L. Cooper. Inasmuch as the .case depends almost entirely upon the contents of this card, it is important to set forth the language of the same, which is as follows:

"**Joint Account — Payable to Either or Survivor.**"

We agree and declare that all funds now, or hereafter, deposited in this account are, and shall be our joint property and owned by us as joint tenants with right of survivorship and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn by, or upon the order of, either of us or the survivor. It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees assigns and personal representatives."

The history leading up to the signing of this card, according to the evidence in the case, is as follows: The money for the opening of the account was furnished by Harry L. Coit, who was in business in Bridgeport. At the time the account was opened and the card signed by him and Katherine L. Cooper, he used in substance the following words, addressing Miss Cooper: "This is for you, Louisa. I will build it up as far as I can and in case of my death you will have something to fall back upon." Theplaintiff had been a housekeeper of Mr. Coit for twenty-four years and was taking care of his home in Easton at this time. Mr. Coit also stated at the same time that this was the plaintiff's money and that no one else could touch it.

The intention of Mr. Coit to give the plaintiff any money that might be left in this joint account, if she should survive him, was corroborated by the fact that he had an active checking account at the time under the name of the Bridgeport Pen Co. in the Commercial Bank & Trust Company in Bridgeport and he used the account in that bank, not touching the money in the Bridgeport-City Trust Co. until the Commercial Bank & Trust Co. closed sometime in August, 1933, when he was forced by circumstances to begin to draw checks on the account with the Bridgeport-City Trust Company.

The plaintiff never had anything to do with the account in question and never went to the bank and signed no checks on this account. The Bridgeport Pen Co. was a business belonging to Mr. Coit and he ran the same up to the day of

his death, which occurred on June 11, 1934.

The first check on the account in the Bridgeport-City Trust Co. was issued in August, 1933, shortly after the closing of the Commercial Bank & Trust Co., and the account was changed at that time on the card by some official of the bank to the name of the Bridgeport Pen Co. Up to that time the name of the Bridgeport Pen Co. had not appeared on the card, but this card simply showed a joint survivorship account in the names of Harry L. Coit and Katherine L. Cooper.

The defendant Harold S. Coit is a son of Harry L. Coit and upon the death of his father he took out administration on the latter's estate, and using this appointment as authority, the account in the Bridgeport-City Trust Co. was turned over to him, as already stated, and changed to the name of the Bridgeport Pen Co.

An official of the bank testified that the wrong card was issued through a mistake of the person who solicited the business. If this be a fact, it does not follow that the bank can escape the liability on this ground, since the card was accepted by it and money received on deposit under the conditions named in the card itself. It is to be noted in this connection that the language on the printed card was that of the bank itself and it appeared that it was the practice of this bank to accept joint deposits in its commercial department in the names of two individuals with provision for a joint ownership of the deposits so made with a survivorship agreement as appears on the card under discussion.

The balance of the account of Harry L. Coit in the Commercial Bank & Trust Co. at the time it closed its doors amounted to $1,132.23, which would indicate that, unless this bank had closed, Harry L. Coit would have continued to use that account in his business and would have left the money in the account of himself and Katherine L. Cooper at the Bridgeport-City Trust Co. untouched.

An examination of the pass book used in connection with this account, Defendant's **Exhibit 2**, in the Bridgeport-City Trust Co., shows that on May 2, 1933, when the account was opened, the sum of $301.41 was deposited and the same book shows more or less frequent deposits down to the time of the death of Harry L Coit, when, as it appears from the bank's accounts, there was a balance of $632. left in this account. It appears also from an examination of this book and the accounts of the bank that this particular account was not an active one, except for deposits, until the closing of

the Commercial Bank & Trust Co., and that from that time on, checks were issued against the account under the name of the Bridgeport Pen Co.

Liability must rest upon the Bridgeport-City Trust Co. on the ground that it accepted this account under the terms set forth in the card, Plaintiff's **Exhibit A,** signed by Harry L. Coit and Katherine L. Cooper and that by accepting this account, furnished by one of its own representatives, it cannot now escape liability by urging that a mistake was made and the wrong card signed. If such a mistake had been made by the outside man of the bank, certainly it could easily have been discovered by one of the responsible officials of the bank, if the bank had used ordinary caution in accepting the account and the bank could have protected itself by insisting that the joint account be closed or changed to some form acceptable to the bank.

There was no evidence to contradict the testimony of the plaintiff as to the reason why the joint account was opened by Harry L. Coit and herself, and nothing to contradict her statement to the effect that Harry L. Coit intended this to be a survivorship account and that whatever was left in the account upon his death should go to the plaintiff. As already indicated, the fact that this account was added to from time to time and that no checks were drawn on the same until the closing of the Commercial Bank & Trust Co., would support the inference that Harry L. Coit intended this money to be kept in the account opened by himself and the plaintiff jointly, and that whatever should be left in the same upon his death should go to the plaintiff.

Briefs have been filed by the attorneys in the case which have been helpful to the court on the question of joint survivorship and it is undoubtedly the law of this State that where there is a doubt as between joint tenancy and tenancy in common this doubt is always resolved in favor of the latter. It is equally clear, however, that where from the instrument under consideration it is perfectly clear, that a joint survivorship is intended, that then a joint survivorship will be upheld. In the present case the card signed by Harry L. Coit and the plaintiff, quoted in full at the beginning of this Memorandum, is so plain that there can be no doubt but that a joint survivorship was intended by the parties who signed this card.

It follows from the facts set forth above that since the bank accepted the deposit in question on the terms set forth in

the card signed when the deposit was made, and since the bank was never authorized to change the nature of this account, and in fact never made any attempt to do so, that it must be held to the terms set forth in the deposit card. The bank therefore must be held responsible for its action in wrongfully turning over to the administrator of Harry L. Coit's estate the balance of $632. left in this account at the time of the death of Harry L. Coit.

As to the liability of the other defendant, Harold S. Coit, Administrator of the estate of Harry L. Coit, deceased, it would appear that he too should be held liable in this action, since he has received the money which rightfully belongs to the plaintiff.

The issues are found for the plaintiff and judgment is rendered for her to recover of the defendants the sum of $632., with interest on the same from June 11, 1934, the date of Harry L. Coit's death, to the present time, or the total sum of $661.91, with costs.